## Harbeson *against* Jack.

An accidental or temporary suspension of the actual occupancy of land does not place it in such a condition as will authorize a sale of it for taxes as unseated.

ERROR to *Indiana* county.

This was an action of ejectment by the executors of William Jack against Robert Harbeson and George Bearinger to recover a tract of land upon the following facts and circumstances.

A warrant of 3d of March 1774 issued to Mary Graham for two hundred acres, on which a survey of two hundred and eighty-one acres was made and returned.

On the 14th of June 1787, the commissioners of Westmoreland county, of whom William Jack was one, sold and conveyed the land to Benjamin Neely for 18 shillings and 2 pence, taxes due for the same as unseated. On the 20th of September 1787, Neely conveyed to William Jack.

On the 28th of June 1806, William Jack leased to James M'Neil for five years from the 1st of April 1806, who was to clear twenty-five acres and pay the taxes. M'Neil entered into possession, and continued it until the 19th of January 1813, when Jack again leased to him for one year, from the 1st of April 1813, at a rent of 12 dollars and 50 cents, and he continued in possession until the 1st of April 1819 at the same rent.

In 1817 James Lafferty entered into possession under M'Neil.

On the 26th of May 1827, Jack's executors brought an ejectment against M'Neil and Lafferty, and on the 26th of September 1828, judgment was rendered for the plaintiffs; at which time there was on the land a cabin, house and barn, and seventy acres cleared.

On the 5th of November 1828, the commissioners of Indiana county issued their warrant to the assessor and assistant assessors of the township in which the land is, to value and assess the taxable property in said township, at which time, and also on the 17th of December in the same year, there was no person residing on said land. That the assessor and his assistants assessed the said land as unseated, in the name of William Jack, and imposed a county tax for 1829 of 1 dollar and 40 cents, which assessment was made when there was no person residing on the land, and which was duly returned to the commissioners of the county. That the supervisor of highways for 1829 did, prior to the 23d of June 1829, assess a road tax of 2 dollars and 10 cents on said tract, as unseated, in the name of William Jack. That said county taxes remained due and unpaid

[Harbeson v. Jack.]

for one whole year, when the commissioners returned the same to the county treasurer, to be collected according to law. The treasurer having given due notice of the time and place of sale, did, on the second Monday of June 1830, sell the same in due and legal form to Robert Harbeson, one of the defendants, for 2 dollars and 27 cents, and on the 22d of June 1830 duly executed and delivered his deed for the same to Harbeson. That after two years from the time of said sale had expired, the said Harbeson, by virtue of his said purchase, entered upon and took possession of the land. That Bearinger is the tenant of Harbeson. That the road tax remained unpaid until the 26th of June 1833, when it was paid to the treasurer by Harbeson.

The plaintiff's and defendant's counsel put several points to the court, the substance of all of which was, to elicit a direction to the jury, whether the situation of the land in dispute was such as to justify a sale of it for taxes. The court (Young, president) was of opinion that the land was not unseated, in the meaning of the act of assembly, and directed the jury to find for the plaintiff.

*Stannard* and *Alexander*, for plaintiff in error, cited, 12 *Serg. & Rawle* 299 ; Stokely v. Boner, 10 *Serg. & Rawle* 254 ; 4 *Yeates* 330 ; *Ibid.* 537 ; Bixler v. Baker, 4 *Binn.* 218 ; Hubley v. Keyser, 2 *Penns. Rep.* 496 ; *Ibid.* 503 ; M'Clellan v. M'Calment, 3 *Penns. Rep.* 106.

*White*, for defendant in error, cited, Act of 6th of April 1802 ; Bard v. Ramsay, 9 *Serg. & Rawle* 109; Irwin v. Helm, 13 *Serg. & Rawle* 151 ; Parish v. Stevens, 3 *Serg. & Rawle* 299 ; Cox v. Grant, 1 *Yeates* 164 ; Act of 1779, sec. 26 ; 2 *Dallas's Laws* 457.

The opinion of the Court was delivered by

Gibson, C. J.—In Stokely v. Boner, 10 *Serg. & Rawle* 254, it was determined, that untenanted land from which profits have not been drawn, may be taxed as unseated ; but that where profits continue to be drawn, the public must look to the person of the owner. It was doubted, however, whether the owner may not abandon the possession and the land together, and thus exonerate himself from personal liability. If he could not, his case would be a' hard one ; for such a liability might descend on him without his consent, and without a correspondent benefit from his ancestor, which is indispensable to a personal charge at the common law. It would therefore seem unreasonable to impute to the legislature an intent to prevent him from surrendering to the public a worthless property in discharge of its own burthen. But though it seems pretty clear he may do this, the surrender must be entire, unlimited in duration, and evinced by acts that leave no doubt of the intention. What is the evidence of it here ? It is, that the executors of Jack recovered in ejectment from the tenants of their testator, in the latter part of September ; and that the tenants left the place a few days afterwards in a state of dilapi-

[Harbeson v. Jack.]

dation, it is true, but with a house and barn on the premises, and with seventy acres cleared, six or seven of which were in rye; that it remained in this state till the February following; and that it was assessed as unseated in the interval. It requires but a statement of these facts to show that there was but an accidental and temporary suspension of the actual occupancy, which, if it were allowed to reduce the premises to the condition of an unseated tract, would also subject a house in Philadelphia, locked up during a summer excursion of the inmates, to assessment and sale as unseated. The argument on the other side is, that the legislature meant to subject the land itself to satisfaction in all cases whatever where satisfaction might not be had *on the premises* from person or property. In Burd *v.* Ramsay, 9 *Serg. & Rawle* 114, it was thought, however, that the legislature anticipated the occurrence of exceptions which were deemed too unfrequent and unimportant to merit particular provision. There are innumerable instances of lots inclosed for pasturage, or to prevent them from becoming a common, for which, though assessed as seated, the taxes have been received regularly and without difficulty. There may, on the other hand, be an instance or two in a thousand, of loss for want of chattels to answer a distress; but it is better that these insignificant losses should be borne, than that proprietors should be harassed, and litigation promoted, by vexatious sales of their property, perhaps by no default of their own. It would present a different consideration if the public loss from this cause were severe; but it is fair to compute it at the fraction of a mill in the dollar. The provision for selling unseated lands, was intended mainly for those that were suffered to remain in their natural state; and it is sufficient to extend it to those that have been suffered to fall back to it. The direction prayed for was therefore properly refused; and as there was apparently no fact in dispute, it was equally proper to direct, as the law of the case, that the plaintiff ought to recover.

Judgment affirmed.